# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 364 | **DATE** | 10/26/2012 |
| **CASE TITLE** | Bianchi, et al. vs. Tonigan, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court concludes that it lacks authority to issue a good faith finding under the Illinois Contribution Act. Accordingly, Defendant Tonigan's motion for a good faith finding [111] is respectfully denied. Please see below for further explanation.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Defendant Henry Tonigan filed a motion for good faith finding [111] pursuant to the Illinois Contribution Act, 740 ILCS 100/0.01, *et seq.*, following the settlement of Plaintiffs' claims against him. Several other Defendants (collectively, the "Quest Defendants") submitted objections to Tonigan's motion [130]. In their objections, the Quest Defendants requested that the settling parties produce a copy of their agreement so that the non-settling Defendants could assess whether the settlement "impacts their rights to a set-off" or, at a minimum, produce a copy of the agreement *in camera* so that the Court could make an informed determination of whether a good faith finding would be appropriate.

Although the settling parties declined to provide a copy of their settlement agreement to the non-settling parties, they did tender the agreement to the Court for *in camera* review. However, after considering the motion, the objections, and the pertinent statutes and case law, the Court was unable to conclude that it had the authority to issue the requested finding in view of the nature of the claims asserted in this case. In particular, the Court was concerned that the right of contribution – and the corresponding issue of good faith settlement of one tortfeasor – may not apply to intentional torts. Accordingly, the Court *sua sponte* issued an order inviting supplemental briefing [161] on those subjects. Defendant Tonigan submitted a supplemental brief addressing the issue [163]; the Quest Defendants filed a supplemental response [167].

As the Court previously observed, both federal and state decisions have suggested that the Contribution Act does not apply to intentional torts. See, *e.g.*, *Phoenix Bond & Indem. Co. v. Bridge*, 2012 WL 8706, at *2 n.2 (N.D. Ill. Jan. 2, 2012); *Ziarko v. Soo Line R.R.*, 161 Ill.2d 267, 271-72 (1994); *Gerill Corp. v. Jack L. Hargrove Builders, Inc.*, 128 Ill.2d 179, 206 (1989)). The weight of authority in this circuit and elsewhere, as illustrated in the cases cited in Tonigan's supplemental memorandum, reinforces the Court's surmise that there is no right of contribution in Section 1983 claims. See, *e.g.*, *Estate of Carlock ex rel. Adndretta-Carlock v. Williamson*, 2009 WL 1708088, at *4 (C.D. Ill. June 12, 2009) ("There is no right to contribution between joint tortfeasors in §1983 cases."); *Perks v. County of Shelby*, 2009 WL 2985859, at *3 (C.D. Ill.

**STATEMENT**

Sept. 15, 2009). That surmise is reinforced by the absence of any right of contribution as a matter of federal common law. See, *e.g.*, *Phoenix Bond*, 2012 WL 8706, at *2 n.2. In short, there is neither a right to contribution nor occasion for a good faith finding in regard to the federal Section 1983 claims asserted in Counts I-VII of Plaintiffs' complaint. Moreover, the same result obtains as to the Illinois common law claims raised in Counts VIII-XV. As Tonigan has recognized, an argument could be raised that those state common law claims also "allege only intentional tortious conduct." In fact, no party has made a plausible, much less a convincing argument to the contrary.

Absent a showing that any claim in this case may be subject to the Contribution Act, the Court concludes that it has no authority under the Act, Section 1983, or state or federal common law to make a good faith finding. Accordingly, the Court is constrained to deny Tonigan's motion [111]. In so concluding, the Court emphasizes that its ruling is not meant to address the scope of any party's right to set-off; that issue, raised in the Quest Defendants' submissions, is premature at this time. Nor is the Court's ruling intended to offer any views on the fairness of the settlement between Plaintiffs and Tonigan and/or the good faith of the settling parties.