**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LEWIS A. BIANCHI, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 12 C 0364 |
| vs. ) | |
| ) | Magistrate Judge Rowland |
| HENRY C. TONIGAN, III, et al. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Louis A. Bianchi, State's Attorney of McHenry County, and three of his employees (collectively, "Plaintiffs") bring this action against Special State's Attorney Thomas K. McQueen, Quest Consultants International, and certain Quest employees (collectively, "Quest"), alleging Defendants conspired to fabricate false criminal charges and prosecute Bianchi and his employees without probable cause or credible evidence.[1]

Defendant McQueen has filed a motion to dismiss based in large part on the doctrines of absolute and qualified immunity. (Dkt. 72). That motion is currently pending before the District Court. Discovery has been ongoing since its filing. McQueen now requests the Court to stay all discovery or, in the alternative, quash nine third-party document subpoenas issued by the Plaintiffs.[2] (Dkt. 136). For the reasons stated below, the Court denies the motion in its entirety, but directs the parties to seek leave of this Court prior to conducting any oral discovery.

---

[1] On November 9, 2012, Plaintiffs dismissed Henry C. Tonigan, III, with prejudice. (Dkt. 176).

[2] On August 16, 2012, Defendant Quest was granted leave to join McQueen's Motion. (Dkt. 149).

1

1. **Motion to Stay Discovery**

On March 26, 2012, McQueen filed a Motion to Dismiss, arguing that his role as a Special Prosecutor on Bianchi's case immunizes him against any liability associated with the acts alleged in the Complaint. Approximately four and a half months later, after the parties filed their Report of Parties' Planning Meeting pursuant to Rule 26(f), McQueen filed the instant motion to stay discovery until the District Court issues a ruling on the Motion to Dismiss. (Dkt. 136). Although he requests a stay of all discovery, the motion specifically addresses only the nine third party subpoenas issued by Plaintiffs. (Dkt. 136 ¶¶ 4-7, 11-14).

The Federal Rules permit trial courts broad discretion over the timing and extent of discovery. *See, e.g., Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Brown-Bey v. United States*, 720 F.2d 467, 470 (7th Cir. 1983); Fed. R. Civ. Pro. 26(c). The filing of a motion to dismiss by itself does not mandate a stay of discovery pending resolution of that motion, nor does the right to discovery continue in light of a pending dispositive motion. *Walsh v. Heilmann,* 472 F.3d 504, 505 (7th Cir. 2006). Rather, the determination to stay discovery is based on the individual case and whether ongoing discover is "unlikely to produce facts necessary to defeat the motion." *Sprague v. Brook,* 149 F.R.D. 575, 577 (N.D. Ill. 1993); *see also Orlando Residence, Ltd., v. GP Credit Co.,* LLC, No. 04-C-439, 2006 WL 2849866, at *7 (E.D. Wis. Sept. 29, 2006). Courts are more likely to stay discovery pending a motion to dismiss where the motion will resolve an important threshold issue.

Motions to dismiss based on the doctrine of qualified immunity are prime

examples of motions that can present "threshold issues" often warranting a stay of discovery. *See Landstrom v. Ill. Dep't of Children & Family Servs.,* 892 F.2d 670, 674 (7th Cir. 1990), *see also Ashcroft v. Iqbal,* 556 U.S. 662, 684 (2009). The doctrine of qualified immunity has been fashioned by the courts, at least in part, to "shield [public officers] from undue interference with their duties and from potentially disabling threats of liability" and to prevent "the distraction of officials from their governmental duties." *Harlow v. Fitzgerald,* 457 U.S. 800, 806 & 816 (1982); s*ee also Anderson v. Creighton,* 483 U.S. 635, 646 (1986) ("One of the purposes of the *Harlow* qualified immunity standard is to protect public officials from the broad-ranging discovery that can be peculiarly disruptive of effective government...."). The purpose of qualified immunity is "to safeguard government, and thereby to protect the public at large, not to benefit its agents." *Wyatt v. Cole,* 504 U.S. 158, 168 (1992).

This Court is not tasked with determining whether McQueen is entitled to prosecutorial or qualified immunity. However, while the allegations here involve a time when McQueen was serving as a Special Prosecutor, he is currently in private practice. Moreover, the outstanding written discovery directed to McQueen consists of one (1) interrogatory and four (4) requests to produce. (Dkt. 138-1). Nowhere does the defendant argue the burden of this pending discovery. In light of the fact that McQueen is not currently serving as a public official, the Court denies the motion to stay all discovery. However, while Defendant McQueen's Motion to Dismiss is pending, the Court directs the parties to seek leave of the Court prior to scheduling

oral discovery.

### 2. Motion to Quash Third Party Subpoenas

The main focus of McQueen's Motion is his request to quash nine third-party subpoenas issued by the Plaintiffs, arguing that they are unduly burdensome and call for material protected by the attorney-client or the work product privilege.

On July 30, 2012, Plaintiffs issued subpoenas to the following nine witnesses or entities: Mark Gummerson, Wesley Pribla, David Linder, Crystal Lake Police Department, William LeFew, McHenry County Treasurer's Office, McHenry County Sheriff's Office, Daniel Regna, and the law firm of Martin, Brown, Sullivan, Roadman & Hartnett, Ltd. (hereinafter "Martin Brown"). Several of the subpoenaed parties have either already responded or indicated that their response is forthcoming.[3] On August 14, 2012, Martin Brown sent a letter to Plaintiffs explaining that the firm provided McQueen with office space and secretarial services. It objected to the Subpoena on two grounds: (a) that it seeks McQueen's attorney client communications; and (b) that it should be stayed pending Mr. McQueen's motion to dismiss. (Dkt. 157 at 2-3). On August 28, 2012, Gummerson and the McHenry County Sheriff's Department filed one-page "objection[s]" to the

---

[3]Gummerson; Pribla; Linder; Crystal Lake Police Department; LeFew; and McHenry County Treasurer's Office have responded. (Dkt. 138 at 8-9). Ragna indicated that he wished to wait for the Court's ruling on this Motion before tendering responsive documents. *Id.*

4

subpoenas; but they did not explain the nature of their objections, and they requested no relief from the Court.[4]

Generally, a party has no standing to seek to quash a Rule 45 subpoena served to a non-party. *Kessel v. Cook County,* No. 00 C 3980, 2002 WL 398506, at *2 (N.D. Ill. March 14, 2002) (Schenkier, J.) (*citing* 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2459 (3d ed. 2008)). That is because it is for the subpoena recipient, not the party to the litigation, to evaluate the burden of responding to the subpoena and the risk that responsive document will contain privileged information. An exception to the rule arises where the objecting party claims some personal right or privilege with regard to the document sought. *Wi-LAN v. LG Electronics, Inc.,* No. 10 CV 7721, 2011 WL 148058, at *3 (N.D. Ill. Jan. 18, 2011) (Zagel, J.) ("[c]ourts have consistently held that absent a showing of personal right or privilege with respect to the documents or subjects of a non-party subpoena, a party has no standing to challenge … that subpoena."). Putting the Martin Brown subpoena aside, Defendant has no standing to object to the remaining subpoenas, and his motion to quash is denied.

Plaintiffs issued the subpoena to Martin Brown after learning that one of its secretaries, Sheron Rice, drafted documents, including interview outlines, at Defendant McQueen's request, during the investigation and prosecution of Plaintiffs. With respect to this subpoena, the Court finds that Defendant has potentially asserted as attorney-client or work-product privilege to the subpoenaed

---

[4] On October 5, 2012, Keith Nygren, McHenry County Sheriff, requested the Court to appoint counsel for purposes of addressing the subpoena. (Dkt. 169). That Petition will be addressed by separate minute order.

5

documents. However, the response to a subpoena that may call for privileged material is not to quash the subpoena, but rather to produce any non-privileged documents and to create a privilege log for the remaining documents. *See* Fed. R. Civ. P. 45(d)(2)(A)(ii); *Wi-LAN v. LG Electronics, Inc.,* No. 10 CV 7721, 2011 WL 148058, at *3 (N.D. Ill. Jan. 18, 2011)("I decline to quash the entire subpoena on such a sweeping claim of privilege….the better approach is to allow CFIR/Perri to simply assert their privilege document-by-document.").[5] Therefore, the motion to quash this subpoena is also denied.

## **CONCLUSION**

For the foregoing reasons, the Court denies Defendant McQueen's Motion to Stay Discovery and Quash Nine Document Subpoenas Served by Plaintiffs (Dkt. 136). However, while Defendant McQueen's Motion to Dismiss is pending, the Court directs the parties to seek leave of the Court prior to scheduling oral discovery.

ENTER:

*[signature: Mary M Rowland]*

MARY M. ROWLAND
United States Magistrate Judge

Dated: November 26, 2012

---

[5] *Cf. Hernandez v. Longini,* No. 96 C 9203, 1997 WL 754041, at *2 (N.D. Ill. Nov. 13, 1997) (noting that the work product privilege is not available when a prosecutor in a prior criminal investigation later objects to discovery of her work product by a litigant in a related civil lawsuit).